**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

```
------------------------------------------------------------- X
                                                              :
Bobbi Bockoras,                                               :
                                                              :
                          Plaintiff,                          :  Civil Action No. 1:13-cv-334-MRH
                                                              :
         – against –                                          :  The Honorable Mark R. Hornak
                                                              :
Saint-Gobain Containers, Inc.,                                :  Electronically Filed
d/b/a Verallia North America                                  :
                                                              :
                          Defendant.                          :
                                                              :
-------------------------------------------------------------X
```

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

**Attorneys for Plaintiff Bobbi Bockoras:**

Susan Frietsche
WOMEN'S LAW PROJECT
Western Pennsylvania Office
401 Wood Street, Suite 1020
Pittsburgh, Pennsylvania 15222
Phone: (412) 281-2892
Fax: (412) 281-3054
sfrietsche@womenslawproject.org

Galen Sherwin
Lenora M. Lapidus
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, New York 10004
Phone: (212) 519-7819
Fax: (212) 549-2580
gsherwin@aclu.org
llapidus@aclu.org

Jyotin Hamid
Courtney M. Dankworth
Christine Ford
Joshua Weigensberg
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Phone: (212) 909-6000
Fax: (212) 909-6836
jhamid@debevoise.com
cmdankwo@debevoise.com
cford@debevoise.com
jweigens@debevoise.com

**Attorneys for Defendant Saint-Gobain Containers, Inc. d/b/a Verallia North America:**

| | |
|---|---|
| Duane R. Denton | Richard L. Etter |
| Carolyn Clay Hall | Catherine S. Ryan |
| BINGHAM GREENEBAUM DOLL LLP | REED SMITH |
| 2700 Market Tower | Reed Smith Centre |
| 10 West Market Street | 225 Fifth Avenue |
| Indianapolis, IN 46204 | Pittsburgh, PA  15222 |
| Phone: (317) 635-8900 | Phone: (412) 288-3806 |
| Fax: (317) 236-9907 | Fax: (412) 288.3063 |
| ddenton@bgdlegal.com | retter@reedsmith.com |
| chall@bgdlegal.com | cryan@reedsmith.com |

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

This is an employment action.  Plaintiff Bobbi Bockoras is a glass factory worker at a Saint Gobain factory in Port Alleghany.  Her Complaint alleges FLSA retaliation.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

Courtney Dankworth on behalf of Plaintiff and Rusty Denton on behalf of Defendant began the Rule 26(f) Conference on December 27, 2013, and concluded the conference on January 8, 2014.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**  (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

The court has scheduled a telephonic status conference for January 22, 2014.  The parties will be prepared for this to also serve as the Rule 16 Initial Scheduling Conference, so long as they are relieved of the obligations in paragraph one of Section III.A.2. of the Practices and Procedures of Judge Mark R. Hornak to have lead counsel attend in person with full settlement authority and with party and insurance claims representatives available by phone.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

On December 6, 2013, Defendant filed a motion to dismiss and motion to strike pursuant to Fed. R. Civ. P. 12(b) and 12(f).  The parties do not anticipate any additional dispositive motions pursuant to Fed. R. Civ. P. 12 will be filed regarding the Complaint. Defendant may file additional dispositive motions if the Complaint is amended.

**6.      Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties have agreed to engage in private mediation.  They have selected the Honorable Kenneth J. Benson and will schedule their mediation at the earliest date convenient to the parties, their counsel and the mediator.

**7.      Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

If the motion to dismiss is denied, Rule 26(a) disclosures shall be exchanged no later than <u>14 days</u> after the ruling.

**8.      Subjects on which fact discovery may be needed.**  (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

**Plaintiff expects to seek discovery on the following topics:**
- Defendant's efforts to provide a location for employees to express breast milk, including, but not limited to, locations provided to Plaintiff;
- All documents relating to Plaintiff's pregnancy, her return to work, and her efforts to express breast milk in a suitable location at work;
- Harassment (sexual or otherwise) to which Plaintiff has been subjected at Defendant's Port Allegany plant, including Defendant's knowledge of and response to the harassment that Plaintiff suffered;
- Defendant's policies and procedures relating to (a) sexual harassment; (b) compliance with the FLSA, including the nursing mothers provision; and (c) assignment of shifts and job duties.
- All job duties to which Plaintiff was assigned following the date on which Defendant became aware of Plaintiff's pregnancy; and
- All shift decisions affecting Plaintiff that Defendant made or considered following the date on which Defendant became aware of Plaintiff's pregnancy.

**Defendant expects to seek discovery on the following topics:**
- Plaintiff's communications with management and hourly employees during and after the leave to have her baby;
- The events leading up to the two grievances filed by Plaintiff and the steps of the grievances;
- Plaintiff's text messages, emails, Facebook posts, blog posts, and other communications she has drafted regarding the events alleged in her lawsuit;
- Plaintiff's job duties, shifts, and hours worked before and after her leave;
- Information regarding Plaintiff's breast-feeding, lactation, and formula use;
- The merits of Plaintiff's retaliation and other allegations, and Defendant's defenses thereto.

- Plaintiff's alleged damages and any mitigation efforts, and Defendant's defenses to alleged damages.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed.  If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date.  Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

    If the motion to dismiss is denied, Rule 26(a) disclosures shall be exchanged no later than 14 days after the ruling.

    b. **Date by which any additional parties shall be joined:**

    If the motion to dismiss is denied, the date 4 weeks after the ruling.

    c. **Date by which the pleadings shall be amended:**

    If the motion to dismiss is denied, the date that is the later of 4 weeks after the ruling or 4 weeks after the EEOC's issuance of a right to sue letter.

    Defendant proposes the additional limitation that any amendment must occur at least 60 days before the close of fact discovery.  Plaintiff opposes the inclusion of this additional limitation.

    d. **Date by which fact discovery should be completed:**

    If the motion to dismiss is denied, the date 150 days after the ruling.

    e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

    Defendant proposes that discovery shall not begin until 7 days after Rule 26(a) disclosures are due.

    Plaintiff opposes Defendant's proposal.  Plaintiff opposes any limitation on the start of discovery beyond those imposed under the Federal Rules of Civil Procedure, noting that, under the Practices and Procedures of Judge Mark K. Hornak, Section III(B)(4), the filing of a dispositive motion does not automatically

4

stay discovery and the Court will grant a motion to stay discovery only for good cause shown.

    **f.**    **Date by which plaintiff's expert reports should be filed:**

The date <u>30 days</u> after the close of fact discovery.

    **g.**    **Date by which depositions of plaintiff's expert(s) should be completed:**

The date <u>90 days</u> after the close of fact discovery.

    **h.**    **Date by which defendant's expert reports should be filed:**

Plaintiff proposes simultaneous expert discovery, with defendant's expert reports filed by the date <u>30 days</u> after the close of fact discovery.

Defendant proposes sequential expert discovery, with defendant's expert reports filed by the date <u>90 days</u> after the close of fact discovery.

    **i.**    **Date by which depositions of defendant's expert(s) should be completed:**

Plaintiff proposes simultaneous expert discovery, with depositions of defendant's expert(s) completed by the date <u>90 days</u> after the close of fact discovery.

Defendant proposes sequential expert discovery, with depositions of defendant's expert(s) completed by the date <u>120 days</u> after the close of fact discovery.

    **j.**    **Date by which third party expert's reports should be filed:**

None anticipated.

    **k.**    **Date by which depositions of third party's expert(s) should be completed:**

Not applicable.

**10.** If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

None.

**11.** Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:

    **a.**    <u>ESI</u>.  Is either party seeking the discovery of ESI in this case?  X  Yes  ☐  No

If disputed, identify the nature of the dispute _____

    **b.**    <u>Metadata</u>:  Will any metadata be relevant in this case?  X  Yes   ☐  No

        If yes, with respect to what ESI  <u>Emails, other electronic files, text messages</u>

        If disputed, identify the nature of the dispute _____

    **c.**    <u>Format</u>.  Have the parties agreed on the format(s) for production of ESI?  *[to be discussed: Plaintiff proposes TIFF format with accompanying Concordance load files, with metadata fields per the attached list, if available.]*
☐ Yes   ☐ No

        If no, what disputes remain outstanding _____

    **d.**    <u>Clawback Agreement</u>.  Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D?   ☐ Yes   X  No

        If no, will an alternative provision be proposed?  X  Yes (Please attach)   ☐  No

    **e.**    <u>Search terms</u>.  Have the parties agreed on any protocol for review of electronic data?   ☐ Yes   X  No

        If yes, please describe _____

        If no, please identify what issues remain outstanding  <u>The parties continue to assess the available electronic data.  There are no identified issues at this time and the parties will confer and consult in an effort to identify mutually agreeable search terms if and as needed</u>

    **f.**    <u>Accessibility</u>.  Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)?   ☐ Yes   X  No

        If no, please identify the nature of the dispute  <u>The parties continue to assess data accessibility, including but not limited to accessibility of text messages.  There is no identified dispute at this time.</u>

    **g.**    <u>Preservation</u>.  Are there any unresolved issues pertaining to the preservation of ESI?  If so, please describe  <u>The parties continue to assess data preservation, in particular the accessibility of text messages.  There are no identified issues at this time.</u>

    **h.**    <u>Other</u>.  Identify all outstanding issues or disputes concerning ESI  <u>N/A</u>

**12.**    Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:  (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial

      counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

The parties propose to schedule the Post-Discovery Status Conference <u>within 30 days</u> after the close of fact discovery. The parties expect to discuss and schedule items c-h below at that time.

      a.     **Settlement and/or transfer to an ADR procedure;**

      b.     **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

      c.     **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

      d.     **Dates by which parties' pre-trial statements should be filed;**

      e.     **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

      f.     **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

      g.     **Dates proposed for final pre-trial conference;**

      h.     **Presumptive and final trial dates.**

13.     Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

None at this time.

14.     Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

The parties do not anticipate needing to appoint a special master.

15.     If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

None.

**16.**     Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

In late October and early November 2013, before the action was filed, the parties engaged in settlement discussions.  The parties were unable to reach agreement.


Respectfully submitted,


On behalf of Plaintiff:                                          On behalf of Defendant:

/s/ Courtney M. Dankworth                           /s/ Duane R. Denton
Courtney M. Dankworth                               Duane R. Denton

<u>Alternate Inadvertent Production Agreement/Order</u>

The parties propose the following language for the Court's Scheduling Order to aid in the implementation of Fed. R. Evid. 502:

1. If a party unintentionally produces any document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection, the producing party may request that the document be returned.  Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

2. If such a request is made or such notice is sent, the receiving party and its counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log.

3. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.