# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBI BOCKORAS, | ) Civil Action No. 2:13-cv-00334 |
| | ) Judge Mark R. Hornak |
| Plaintiff, | ) |
| v. | ) |
| SAINT-GOBAIN CONTAINERS, | ) |
| d/b/a Verallia North America, | ) |
| Defendant. | ) |

## INITIAL CASE MANAGEMENT ORDER

AND NOW, this 4th day of February, 2014, an initial case management conference having been held pursuant to Federal Rule of Civil Procedure 16 on February 3rd, 2014, it is hereby ORDERED that the parties comply with the following:

1. **Local Rule 16.1:** This civil action is governed by Local Rule of Civil Procedure 16.1 – Pretrial Procedures.

2. **Settlement Negotiations:** Counsel for the parties shall confer with their clients before all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the Court. If a party anticipates potentially relying upon an insurance carrier to satisfy all or part of any award, a representative of the insurance carrier(s) who possesses settlement authority shall be available to participate in all case management conferences, status conferences, and settlement negotiations, including ADR sessions, either in-person or via telephone.

3. **Initial Scheduling:** The parties shall comply with the following deadlines:

a) Pursuant to discussion on the record in open court between the Court and the parties on February 3rd, 2014, the Court understands that Plaintiff plans to file a Motion to Amend the Complaint in this action. Defendant has indicated that it will not oppose such Motion. Disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made within 14 days of the filing of the Amended Complaint.

b) Additional parties shall be joined on or before March 3rd, 2014.

c) Pleadings shall be amended by March 3rd, 2014. Defendant shall have 30 days from the filing of the Amended Complaint to file any response under Fed. R. Civ. P. 12(a) or 12(b). Accordingly, Defendant is under no obligation to answer the current complaint or file any other responsive pleading thereto.

d) Fact discovery shall be completed on or before July 3rd, 2014. The Court may extend the discovery deadline upon a showing of good cause and upon motion filed prior to the expiration of such deadline. The motion shall: (i) specifically state all discovery completed to date and to be conducted if the extension is granted; (ii) contain a showing of good cause for the requested extension; (iii) list any previous extensions of discovery; and (iv) attach a proposed order which establishes specifically the extended closure date being requested and setting forth the discovery to be conducted.

e) Pretrial motions relating to discovery or this Order shall be filed on or before the last day of the applicable discovery deadline. This deadline does not apply to motions to extend discovery, motions to compel discovery, motions *in limine*, motions for summary judgment, or other pretrial motions.

Responses to motions relating to discovery or this Order shall be filed within seven (7) days from the date of service of the motion. The Court frequently resolves such motions by telephone conference, which the parties may request. The Court may also schedule a telephone conference before the time runs for any response. In such a case, the non-moving party is excused from filing a response; instead, said party should be prepared to state its position at the telephone conference.

Replies to such responses shall be filed seven (7) days from the date of service of the response. Replies may be filed without the leave of the Court. Surreplies shall not be filed without leave of the Court obtained in advance. For further information regarding general motions practice, please see the "Chambers' Rules" website available from the United States District Court for the Western District of Pennsylvania's homepage.

4. **Alternative Dispute Resolution (ADR):** The parties are advised to comply with all ADR requirements pursuant to Local Rule of Civil Procedure 16.2. In the Stipulation Selecting ADR Process, the parties indicated that they have selected Mediation, but have been unable to reach an agreement to share the costs of ADR. Plaintiff has asked Defendant to pay 100% of the mediator's costs, while Defendant proposes that each party pay 50% of the mediator's costs. Within 14 days of this Order, Plaintiff may file, under seal, a declaration using the Court's IFP form, detailing why she is unable to pay 50% of the cost of mediation. Defendant shall then have 14 days to file any response. The parties are directed to promptly schedule and file the notice of the ADR proceeding. A representative of any insurance carrier which may be responsible, in whole or in part, for any portion of the claims alleged must attend the ADR proceeding in person.

5. **Procedures Following Inadvertent Disclosure ("Clawback"):** To aid in the implementation of Fed. R. Evid. 502, the following is ordered at the request of the parties in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

    a) If a party unintentionally produces any document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, the producing party may request that the document be returned. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

    b) If such a request is made or such notice is sent, the receiving party and its counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log.

    c) The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

6. **Discovery and Other Case Management Disputes:** In the Court's experience, many discovery and case management disputes can be promptly resolved in a conference with the Court and counsel. Therefore, the Court strongly prefers that in the event of such a dispute, lead counsel confer in person or by telephone, agree on the scope and nature of the dispute, and then contact the involved law clerk or the Courtroom Deputy to request a telephone status conference. The Court will usually either conduct the conference immediately, or set such a

conference to occur within 24 hours, and more often than not, the dispute will be resolved at that time. The Court may, in situations involving more substantive matters, direct counsel to file the appropriate motion for relief.

7. **Other Deadlines/Post-Discovery Status Conference:**  A Post-Discovery Status Conference is set for July 7th, 2014, at 9:30 a.m., at which time deadlines for dispositive motions, and a presumptive trial date, will be set.  Telephonic Status Conferences are set for March 27th, 2014, at 9:30 a.m., and May 19th, 2014, at 11:00 a.m.  All participating counsel shall contact Chambers at 412-208-7433 at least 48 hours before the conference with their preferred contact number. The Court will initiate the call.

_____
Mark R. Hornak
United States District Judge


cc:   All counsel of record